### 11612

### . STATE v. SMITH

#### (125 S. E., 493)

INTOXICATING LIQUORS—ONE CONVICTED OF STORING AND POSSESSION COULD NOT BE SENTENCED TO IMPRISONMENT FOR MORE THAN ONE YEAR.—Under Cr. Code 1922, § 877, a defendant convicted of storing and possessing liquor could not be sentenced to imprisonment for more than one year.

Before HENRY, J., York, 1924. Reversed and remanded for resentence.

Gus Smith pleaded guilty to a violation of the prohibition law, and from the judgment and sentence he appeals.

*Mr. Thos. F. McDow,* for appellant, cites: Crim. Code, 1922, Secs. 860, 877. *Excessive sentence avoids judgment:* 1 Bish. Crim. L., Sec. 558, p. 577.

*Mr. J. L. Glenn, Jr., Solicitor,* for the State, cites: Crim. Code, 1922, Secs. 820, 858; 88 S. C., 493; 65 S. C., 175; 63 S. C., 98. *Enactment of Code:* 75 S. C., 568; 66 S. C., 277. *Judgment not void but sentence may be amended:* 122 S. C., 192; 89 S. C., 134.

November 28, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The appellant, Gus Smith, entered a plea of guilty of violation of the prohibition law, in that he had in posses-

sion, and stored for unlawful use, six (6) pints of whiskey. His Honor, Judge Henry, thereupon sentenced the appellant to hard labor upon the public.works of York County, or a like period in the State Penitentiary for a period of eighteen (18) months, and payment of one hundred ($100) dollars' fine, twelve months of the sentence to be suspended after the appellant shall have served six months." The exception is:

"I. For error in sentencing appellant to serve 18 months upon the public works of York County, or a like period in the State Penitentiary, and to pay a fine of one hundred ($100) dollars, the error being that, under Section 877, Vol. 2, Code of Laws of South Carolina, his Honor could not impose a sentence of more than one year for storing and having in possession whiskey."

The exception is sustained, and the judgment of this Court is that the judgment of the Circuit Court, so far as the sentence is concerned, be reversed, and that the case be remanded to that Court, in order that the defendant may be resentenced, in conformity with the provision of 877 of the Criminal Code.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.